IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MARVIN LEWIS MARTIN,

    Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Civil Action 2:20-cv-5699
Judge Sarah D. Morrison
Magistrate Judge Chelsey M. Vascura

## REPORT AND RECOMMENDATION

Plaintiff, Marvin Lewis Martin, brings this action pursuant to 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for a period of disability, disability insurance benefits, and supplemental security income.  This matter is before the undersigned for a Report and Recommendation on Plaintiff's Statement of Errors (ECF No. 15), the Commissioner's Memorandum in Opposition (ECF No. 17), and the administrative record (ECF No. 12).  For the reasons that follow, the undersigned **RECOMMENDS** that the Court **OVERRULE** Plaintiff's Statement of Errors and **AFFIRM** the Commissioner's decision.

    **I.**    **BACKGROUND**

Plaintiff filed his application for a period of disability, disability insurance benefits, and supplemental security income on February 13, 2018, alleging that he had been disabled since December 19, 2017.  (R. 207–18.)  On October 22, 2019, following administrative denials of Plaintiff's application both initially and on reconsideration, a hearing was held before Administrative Law Judge Kathleen Kadlec (the "ALJ").  (R. 33–66.)  Plaintiff, represented by

counsel, appeared and testified, as did vocational expert Cheryl R. Hoiseth. On December 27, 2019, the ALJ issued her decision denying benefits. (R. 12–32.) On August 27, 2020, the Appeals Council denied Plaintiff's request for review of the ALJ's decision such that it became final. (R. 1–6.) Plaintiff now seeks judicial review of the ALJ's unfavorable determination, advancing two contentions of error. Plaintiff first asserts that substantial evidence does not support the ALJ's residual functional capacity ("RFC")[1] determination because Plaintiff is unable to perform "light work" as that term is defined under the Social Security Regulations. Plaintiff alternatively maintains that the ALJ "improperly focused on the need for objective evidence in evaluating [his] subjective complaints." (Pl.'s Statement of Errors 4–5, 7, ECF No. 15.)

## II. THE ALJ'S DECISION

The ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act. (R. 12–32.) To begin, the ALJ found that Plaintiff met the Act's insured status requirements

---

[1] A claimant's RFC is an assessment of "the most [he] can still do despite [his] limitations." 20 C.F.R. §§ 404.1545(a)(1); 416.945(a)(1).

2

through June 30, 2022. (R. 18.) At step one of the sequential evaluation process,[2] the ALJ found that Plaintiff had not engaged in substantial gainful activity since December 19, 2017, his alleged disability onset date. (R. 18.) At step two, the ALJ found that Plaintiff had the severe impairments of hypertension and ischemic heart disease/myocardial infarction. (*Id.*) At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 19–20.) The ALJ then set forth Plaintiff's RFC as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can only operate foot controls with his left foot frequently. The claimant can only occasionally reach overhead to the left and he can only occasionally reach overhead to the right. The claimant can never climb ladders, ropes or scaffolds and can only frequently climb ramps or stairs. The claimant can frequently stoop, kneel, crouch and crawl. The claimant can never work at unprotected heights, he can work around moving mechanical parts frequently and he can operate a motor vehicle frequently. The claimant can work in humidity and wetness occasionally and he can have no concentrated

---

[2]The Social Security Regulations require ALJs to resolve a disability claim through a five-step sequential evaluation of the evidence. *See* 20 C.F.R. §§ 404.1520(a)(4); 416.920(a)(4). Although a dispositive finding at any step terminates the ALJ's review, see *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), if fully considered, the sequential review considers and answers five questions:

1. Is the claimant engaged in substantial gainful activity?
2. Does the claimant suffer from one or more severe impairments?
3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1?
4. Considering the claimant's residual functional capacity, can the claimant perform his or her past relevant work?
5. Considering the claimant's age, education, past work experience, and residual functional capacity, can the claimant perform other work available in the national economy?

*See* 20 C.F.R. §§ 404.1520(a)(4); 416.920(a)(4); *see also Henley v. Astrue*, 573 F.3d 263, 264 (6th Cir. 2009); *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001).

3

>exposure to dust, odors, fumes and pulmonary irritants. The claimant cannot be exposed to extremes of temperature.

(R. 19.) When assessing Plaintiff's RFC, the ALJ explicitly found that although his medically determinable impairments could be expected to cause at least some of his alleged symptoms, his statements regarding the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the record evidence. (R. 21.) At step four of the sequential process, relying on testimony from the vocational expert, the ALJ found that Plaintiff could still perform his past relevant work as an accounting clerk. (R. 26.) Thus, the ALJ concluded her analysis and found Plaintiff was not disabled under the Act. (R. 27.)

## III. STANDARD OF REVIEW

When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Under this standard, "substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).

Although the substantial evidence standard is deferential, it is not trivial. The Court must "take into account whatever in the record fairly detracts from [the] weight" of the Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)). Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial

4

evidence in the record that would have supported an opposite conclusion.'" *Blakley*, 581 F.3d at 406 (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). Finally, even if the ALJ's decision meets the substantial evidence standard, "a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007).

## IV. ANALYSIS

As set forth above, Plaintiff asserts remand is required because substantial evidence does not support the ALJ's RFC determination that Plaintiff can perform light work and also because the ALJ improperly focused on the need for objective evidence in evaluating his subjective complaints. The undersigned addresses these contentions of error in turn.

### A. The ALJ's RFC Determination

Within his first contention of error, Plaintiff asserts that the ALJ erred in determining that he can perform light work because he "is not capable of performing six hours of standing and walking." (Pl.'s Statement of Errors 5, ECF No. 15 at PAGEID # 1059.) In support, Plaintiff cites evidence reflecting his diagnoses and his complaints of chest pain, fatigue, shortness of breath, and leg pain, as well as his testimony that he has problems standing, walking, and performing physical activities due to unsteadiness, fatigue, and shortness of breath. (*Id.* at PAGEID # 1060.)

The determination of a claimant's RFC is an issue reserved to the Commissioner. 20 C.F.R. §§ 404.1527(e), 416.927(e). Nevertheless, substantial evidence must support the Commissioner's RFC finding. *Berry v. Astrue*, No. 1:09-cv-411, 2010 WL 3730983, at *8 (S.D. Ohio June 18, 2010). The regulations require that the ALJ's RFC assessment be based on all the

5

relevant evidence in the claimant's case file. 20 C.F.R. §§ 404.1545(a)(1); 416.945(a)(1). Consistently, Social Security Ruling 96-8p instructs that the ALJ's RFC assessment must be based on all of the relevant evidence in the case record, including factors such as medical history, medical signs and laboratory findings, the effects of treatment, daily activities, lay evidence, recorded observations, medical source statements, effects of symptoms, and evidence from attempts to work. SSR 96-8P, 1996 WL 374184 (July 2, 1996).

As relevant to Plaintiff's challenge, "light work" is defined under the regulations as follows:

> Light work. Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. §§ 404.1567(b) and 416.967(b). Social Security Ruling 83-10, 1983 WL 31251, further advises that "the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday. Sitting may occur intermittently during the remaining time."

Here, the undersigned finds that the ALJ properly considered all of the relevant evidence and that substantial evidence amply supports the ALJ's determination that Plaintiff can perform a restricted range of light work. In addition to citing Plaintiff's treatment records reflecting normal respiratory functioning, (*see* R. 21–22 (citing R. 461–65, records of Dr. Michael Meleca; R. 472–73, records of Dr. George Barnett Jr.), the ALJ noted that Plaintiff improved during and ultimately completed his cardiac rehabilitation and at times denied fatigue, pain, or shortness of

6

breath, (*see* R. 22–23 (citing R. 542–43, 634, and 970, notes of Dr. Barnett; R. 936, note of Dr. Meleca).  The ALJ also observed that although Plaintiff reported increased fatigue in 2019 after he stopped taking his heart medication, a nurse practitioner restarted his medication, and a follow-up examination showed no significant abnormalities.  (*See* R. 22–23 (citing R. 997–98 and 1004).)  Moreover, the ALJ pointed out that Plaintiff did not endorse, and his medical records do not show, evidence of gait abnormalities or other issues that might inhibit his ability to walk or stand.  (*See* R. 26.)  Perhaps most significantly, the ALJ discussed and found persuasive the opinions of state-agency reviewing physicians Drs. Leigh Thomas, Elizabeth Das, and Sai Nimmagadda.[5]  (*See* R. 25 (citing R. 67–81, 82–96, 99–111, 112–24, and 657–59) (finding all three opinions "well supported" with "detailed narratives" and "consistent with the evidence").)  Drs. Thomas, Das, and Nimmagadda all opined that Plaintiff could perform a reduced range of light work.  And as relevant to Plaintiff's contention of error, all three concluded that Plaintiff could stand and/or walk for six hours in an eight-hour workday.  The ALJ further credited the "detailed narratives" these physicians offered to support their RFC opinions, which included citations to Plaintiff's self reports, examination results, and objective testing results.  (*See* R. 25 (citing, *e.g.*, 67–81, 657–59).)

       Plaintiff does not argue that the ALJ ignored or misinterpreted evidence supporting the RFC determination, or that the ALJ improperly considered or weighed the opinion evidence.  Instead, Plaintiff cites the same record evidence that the ALJ considered, urging a different result.  (*Compare* Pl.'s Statement of Errors 6, ECF No. 15 *with* R. 25–26.)  Even if this record could equally support a contrary result, remand is not warranted because "[t]he substantial evidence

---

[5]Notably, the ALJ assessed a *more* restrictive RFC than that opined by these state-agency physicians, adding limitations on reach and foot controls to accommodate Plaintiff's subjective complaints that she found credible.  (*See* R. 25.)

standard . . . presupposes that there is a zone of choice within which the decision-makers can go either way, without interference by the courts." *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)); *see also Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) ("As long as substantial evidence supports the Commissioner's decision, we must defer to it, even if there is substantial evidence in the record that would have supported an opposite conclusion."); *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713–14 (6th Cir. 2012) ("As long as the ALJ cited substantial, legitimate evidence to support his factual conclusions, we are not to second-guess: 'If the ALJ's decision is supported by substantial evidence, then reversal would not be warranted even if substantial evidence would support the opposite conclusion.'") (quoting *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007)).

Because substantial evidence supports the ALJ's RFC determination, the undersigned **RECOMMENDS** that Plaintiff's first contention of error be **OVERRULED**.

**B.     The ALJ's Consideration of Plaintiff's Subjective Complaints**

In Plaintiff's alternative contention of error, he argues that (1) the ALJ erred by "improperly focus[ing] on the need for objective evidence" when evaluating his subjective complaints, (ECF No. 15 at 7); (2) that "the ALJ failed to discuss or acknowledge [his] complaints," (*id*. at 8); and (3) that the ALJ disregarded his complaints without sufficient discussion, (*id*.).  This contention of error fails because it mischaracterizes the ALJ's decision.

Plaintiff correctly points out that in evaluating a claimant's alleged symptoms, an ALJ considers both objective and other evidence.  *See* 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2); SSR 16–3p.  The Regulations list a number factors an ALJ must consider, including daily activities; location, duration, frequency, and intensity of the symptoms; precipitating and

8

aggravating factors; the type, dosage, effectiveness, and side effects of any medication; treatment other than medication; any other measures used for relief; and other factors concerning functional limitations and restrictions due to the symptoms. *See* 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3); SSR 16–3p; *but see Ewing v. Astrue*, No. 1:10–cv–1792, 2011 WL 3843692, at *9 (N.D. Ohio Aug. 12, 2011), *report and recommendation adopted*, No. 1:10–cv–1792, 2011 WL 3843703 (N.D. Ohio Aug. 30, 2011) (suggesting that although an ALJ is required to consider such factors, he or she is not required to discuss every factor within the written decision).

  Plaintiff's assertion that the ALJ altogether "failed to discuss or acknowledge" his complaints of "fatigue, memory loss, trouble concentrating and difficulty focusing," (Pl.'s Statement of Errors 7–8, ECF No. 15), is incorrect. The ALJ explicitly considered Plaintiff's testimony that he had difficulty concentrating and focusing after his cardiac surgery and also that his medication made him feel fatigued, as well as his self-reports of difficulty concentrating during his consultative psychiatric exam. (*See* R. 19, 21.)  The ALJ further considered Plaintiff's self-reports to his treating physicians. (*See, e.g.*, R. 22–24 (noting reports of fatigue in February 2018; Plaintiff's denial of lack of energy, chest pain, or shortness of breath when walking on May 4, 2018; denial of fatigue, sleep issues, and lightheadedness on May 8, 2018; Plaintiff's reports that he was doing well with improved endurance and controlled stress in July and August 2018; Plaintiff's denial of symptoms, including shortness of breath, weakness, fatigue, and pain in September 2018; Plaintiff's denial of fatigue chest pain or shortness of breath with exertion in November 2018; Plaintiff's reports that he had increased fatigue and shortness of breath when he stopped taking his medication in July 2019).)

  Plaintiff's assertion that the ALJ improperly focused on only objective evidence is likewise incorrect. Rather, in evaluating the consistency of Plaintiff's alleged symptoms with the

9

record, in addition to considering the objective evidence such as blood pressure readings, echocardiograms, and CT scans, the ALJ considered the following: Plaintiff's self-reports to his treating physicians; the effectiveness of Plaintiff's cardiac rehabilitation program; the effects of Plaintiff's medications and also the impact of when Plaintiff failed to comply with his medication regimen or treatment recommendations; Plaintiff's physicians' observations, examination findings, and opinions; and the opinions of the state-agency physicians who rendered opinions after review of Plaintiff's medical records. (*See* R. 21–26).)

Finally, the ALJ's decision makes clear that she found Plaintiff's allegations regarding his symptoms "not entirely consistent with the medical evidence and other evidence in the record," and she offers a detailed discussion of her bases for discounting Plaintiff's allegations. (*See* R. 21.) For example, in concluding that Plaintiff's alleged mental limitations were not consistent with the record, the ALJ relied upon the following: findings during Plaintiff's consultative psychiatric examination; the absence of record evidence reflecting examinations supporting the alleged mental deficits; Plaintiff's failure to allege any memory or cognitive limitations during the hearing; and Plaintiff's activities of daily living, which included caring for his personal needs and taking medication without assistance, performing a variety of household chores, preparing meals, and shopping in stores. (*See* R. 18–26.) The ALJ also evaluated and discussed Plaintiff's allegations of fatigue and its limiting effects, and as discussed above, set forth a number of reasons for discounting those allegations including objective testing results, Plaintiff's physicians' examination findings, Plaintiff's inconsistent self-reports to his physicians, the impact of Plaintiff's cardiac rehabilitation program, the impact of Plaintiff's medication and treatment regimens and the impact of his noncompliance, and Plaintiff's activities of daily living. (*See id*.)

Accordingly, it is **RECOMMENDED** that Plaintiff's second contention of error be **OVERRULED**.

## V.  DISPOSITION

Based on a review of the record as a whole, the undersigned concludes that substantial evidence supports the ALJ's decision.  Therefore, it is **RECOMMENDED** that the Court **OVERRULE** Plaintiff's Statement of Errors and **AFFIRM** the Commissioner's decision.

## VI.  PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A District Judge of this Court shall make a *de novo* determination of those portions of the Report and Recommendation or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review it *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED**.

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE